The Honorable Gene Roebuck State Senator 2414 E. Matthews Jonesboro, Arkansas 72401
Dear Senator Roebuck:
This official Attorney General opinion is issued in response to your recent questions regarding the composition of the board of trustees for a policemen's pension and relief fund.
You indicate that the Jonesboro Pension and Relief System for policemen currently has nine active members, twenty-nine retired members, and four members on the Deferred Retirement Option Plan (DROP). You have asked:
 (1) Are officers who are on DROP considered retired or active for purposes of running for election to the board of trustees for the Jonesboro Pension and Relief System?
(2) How many retired members must be on the board of trustees?
(3) How many active members must be on the board of trustees?
(4) Are all members listed in the applicable statute voting members?
RESPONSE
Question 1 — Are officers who are on DROP considered retired or activefor purposes of running for election to the board of trustees for theJonesboro Pension and Relief System?
It is my opinion that officers who have elected to participate in DROP (see A.C.A. § 24-11-434) should be considered retired for purposes of running for election to the board of trustees.
I have previously opined that DROP participants should be considered retired for purposes of voting for candidates for the board of trustees.See Op. Att'y Gen. No. 97-007. The rationale for this conclusion is that although these officers continue to be fully employed during the five-year period between their election of DROP and their actual retirement, and have not actually retired in the sense of ceasing work, they nevertheless are not contributors to the policemen's pension fund as described in A.C.A. § 24-11-413. That section describes the contributions that are to be made by and on behalf of members of the fund. Employees who have elected to participate in DROP are no longer contributing to the policeman's pension fund as described in A.C.A. § 24-11-413. Rather, the bulk of their contributions are segregated into a separate fund. See A.C.A. § 24-11-434.
For this reason, DROP participants do not hold the same category of interest in the administration of the policemen's pension fund as do active members. Their interest is more akin to that of retired members. It follows that DROP participants who wish to run for election to the board of trustees should run as retired members, whose interests they would more accurately represent, rather than as active members.
Question 2 — How many retired members must be on the board of trustees?
It is my opinion that three retired members (or DROP participants) must be on the board of trustees.
The composition of the board of trustees for a local policemen's fund is governed by A.C.A. § 24-11-405.
The pertinent part of that statute states:
 (C) When the number of retired members equals seventy-five percent (75%) of the total of retired members and active members, the board shall be comprised of one (1) active member and three (3) retired members.
A.C.A. § 24-11-405(a)(5)(C).
As indicated previously, you have stated that the Jonesboro Pension and Relief System for policemen currently has nine active members, twenty-nine retired members, and four members on DROP. Because I have opined that the DROP participants should be considered retired members for purposes of election to the board of trustees, I have calculated the percentages on the basis of there being thirty-three retired members and nine active members. The result is that 78.6% of the system's membership are retired, and 21.4% of the membership are active. Those proportions trigger the applicability of the above-quoted statutory section.
Accordingly, I must conclude that three members of the board of trustees must be retired members (or DROP participants).
Question 3 — How many active members must be on the board of trustees?
It is my opinion, for the reasons stated in response to Question 2, that one active member must be on the board of trustees.
Question 4 — Are all members listed in the applicable statute votingmembers?
It is my opinion that all of the members listed in the applicable statute [A.C.A. § 24-11-405] are voting members.
Although the statute does not specify that all listed members are voting members, it contains other language that leads to this conclusion. After specifying that the chief executive officer of the city, the city treasurer, and four active or retired members of the system are to serve on the board of trustees, the statute goes on to provide that these six members are to choose a seventh (who is to be a physician). Because the statute specifies that all six must participate in the choice of the seventh, it must be concluded that all six are voting members. It is also reasonable to conclude that the seventh member was intended to be a voting member as well, for the purpose of avoiding tie votes.
For these reasons, I conclude that all members of the board of trustees listed in A.C.A. § 24-11-405 are intended to be voting members.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh